MEMORANDUM **
Luis Caferino Mendez Maldonado, a native and citizen of Guatemala, and his wife, Rosa Martinez Norato, a native and citizen of Mexico, petition pro se for review of the Board of Immigration Appeals’ (“BIA”) order dismissing their appeal from the immigration judge’s (“IJ”) decision denying their application for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence. Gonzalez-Hernandez v. Ashcroft, 336 F.3d 995, 998 (9th Cir.2003). We deny in part, dismiss in part, and grant in part the petition for review.
The IJ found Maldonado not credible based on inconsistencies between Maldonado’s testimony and his documents. Substantial evidence does not support this determination because the IJ failed to consider Maldonado’s explanations that a non-attorney prepared his asylum application and did not read it back to him, Maldonado cannot read or write, he did not recall making an amended asylum declaration for his attorney, and he was very young when the claimed incident occurred. See Kaur v. Ashcroft, 379 F.3d 876, 887 (9th Cir.2004) (“An adverse credibility finding is improper when an IJ fails to address a petitioner’s explanation for a discrepancy or inconsistency.”).
Substantial evidence supports the IJ’s alternate finding that the government rebutted the presumption of a well-founded fear of future persecution by the Guatemalan government because the IJ did an individualized analysis of changed country conditions in Guatemala. See Gonzalez-Hernandez, 336 F.3d at 998-99. Maldonado thus has failed to establish a well- *862 founded fear of persecution, and thus has also failed to establish a clear probability of persecution. See Sowe v. Mukasey, 538 F.3d 1281, 1287-88 (9th Cir.2008). Accordingly, we deny the petition as to Maldonado’s withholding of removal claim.
Substantial evidence also supports the agency’s denial of CAT relief because Maldonado failed to establish that it was more likely than not he would be tortured if he returns to Guatemala. See id. at 1288-89.
We lack jurisdiction to review the agency’s discretionary denial of voluntary departure. See 8 U.S.C. §§ 1229c(f), 1252(a)(2)(B)(i). We therefore dismiss the petition as to Maldonado’s voluntary departure claim.
Maldonado argued to the BIA that he was entitled to a discretionary grant of humanitarian asylum — an issue not addressed by the IJ — and the BIA affirmed the IJ’s decision without addressing this claim. Because the BIA is not free to ignore arguments raised by petitioners, see Barroso v. Gonzales, 429 F.3d 1195, 1208 (9th Cir.2005), we grant the petition as to this contention.
Accordingly, we deny the petition as to Maldonado’s withholding of removal and CAT claims, and we dismiss the petition as to his voluntary departure claim. We grant the petition as to Maldonado’s humanitarian asylum claim and remand to the BIA on an open record, see Soto-Olarte v. Holder, 555 F.3d 1089, 1095-96 (9th Cir.2009), to address this claim, taking into consideration his age at the time of the incident, see Hernandez-Ortiz v. Gonzales, 496 F.3d 1042, 1045-46 (9th Cir.2007).
Each party shall bear their own costs for this petition for review.
PETITION FOR REVIEW DENIED in part; DISMISSED in part; GRANTED in part; REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.